IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Mark Lott, | ) | C/A No. 6:24-cv-06062-RMG-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ron Lawrenz, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, a civilly committed individual proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court. The plaintiff's complaint was entered on the docket on October 24, 2024 (doc. 1). The plaintiff's case is in proper form for judicial screening. However, upon review of the plaintiff's complaint, the undersigned recommends it be dismissed.

**ALLEGATIONS**

The plaintiff, a civilly committed individual in the Sexually Violent Predator Treatment Program, proceeding *pro se* and *in forma pauperis*, has filed this § 1983 action asserting violations of his constitutional rights by the defendant (doc. 1).

The plaintiff alleges that the defendant had to approve his request for law library access because he was on secure management status (*id*. at 4). The plaintiff alleges that in November 2022, November 2023, and June 2024, he was denied access to the law library (*id*. at 5–6). The plaintiff alleges that due to the denied access to the law library he was not able to file a case before the statute of limitations ran out, which caused

him emotional distress (*id*. at 6).  For relief, the plaintiff seeks an injunction requiring that he be provided law library access, money damages, and alleges that he "would settle for [his] level back" (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages and injunctive relief from the defendant. However, the plaintiff's complaint is subject to summary dismissal. Here, as noted above, the plaintiff alleges that the defendant violated his rights by not providing him with access to the law library when he was on secured management status (doc. 1 at 4, 5–6). Because the plaintiff is a civilly committed individual, his claims are evaluated under the Due Process Clause of the Fourteenth Amendment and evaluated as set forth by the United States Supreme Court in *Youngberg v. Romeo*, 457 U.S. 307 (1982). In determining whether the rights of a civilly committed individual, such as the plaintiff, have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to decisions of professionals. *Id*. at 321; *See Treece v. Winston-Wood*, C/A No. 3:10-cv-02354-DCN-JRM, 2012 WL 887476, at *3 (D.S.C. Feb. 23, 2012), *Report and Recommendation adopted by* 2012 WL 896360 (D.S.C. Mar. 15, 2012). Decisions by a professional are presumptively valid and liability may only be imposed when "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. The deference ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id*. at 322.

Here, the plaintiff's allegations involve a time when he admittedly resided in the secured management unit that limits his access to certain parts of the facility (such as the law library) based upon security concerns, and the plaintiff's request to access the law library had to be carefully considered in light of his custody status; thus, his assertion that the defendant denied his rights by limiting his access to the law library does not provide a basis for relief. Indeed, based on *Youngberg*, the plaintiff's complaint makes it clear that

the defendant exercised professional judgment in determining that the plaintiff could not always access the law library at will – meaning that his decision is presumptively valid. *Youngberg*, 457 U.S. at 323. Further, there is no indication that having his law library requests denied on occasion rose to the level of a departure from "accepted professional judgment" much less a *substantial* departure as required for liability under *Youngberg*. *Id*. Further, deference under *Youngberg* prevents unnecessary court interference with the operation of state institutions – such as determinations regarding access to less secure areas of the facility for individuals (such as the plaintiff) in more secured/restrictive housing areas of the facility. *Youngberg*, 457 U.S. at 322. Moreover, the Constitution guarantees a right to reasonable access to the courts, not to legal research or a law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Additionally, a claim for denial of access to the courts must be pled with specificity – including showing an actual injury. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *see Lewis*, 518 U.S. at 349. The actual injury requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access to the court. *Lewis*, 518 U.S. at 352–53. Here, the plaintiff's complaint alleges only that he was unable to file a case by the limitations deadline because he could not do research at the law library during 2022 and 2023 (doc. 1 at 5–6). However, the plaintiff, a prolific filer with more than ten cases filed in this court, has provided no factual allegations regarding his impaired non-frivolous claim. The plaintiff has also failed to allege why he was unable to file a complaint within the statute of limitations solely because he was denied access to the law library. Further, the documents referenced in the plaintiff's complaint (and attached thereto) reflect only intermittent requests by the plaintiff to access the law library over the course of two years, and almost each form indicates that the plaintiff was approved or scheduled for access to the law library (*see* doc. 1-1 at 1–3 (3 requests dated 11/8/2022, 11/16/2022, 11/23/2022), 4 (1 request dated 1/25/2023); 5–8 (4 requests dated 11/9/2023, 11/15/2023, 11/16/2023, 11/27/2023), 9–11

(3 request dated 6/29/2024, 7/3/2024, 7/13/2024)).[1] As such, the plaintiff's claim that his rights were violated because he was not provided access to a law library is subject to dismissal.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

November 13, 2024
Greenville, South Carolina

---

[1] *Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (recognizing that documents can be incorporated into the complaint by reference) (internal citation and quotation marks omitted).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).