IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mark Lott,<br><br>             Plaintiff,<br>     v.<br><br>Ron Lawrenz,<br><br>             Defendant. | Case No. 6:24-cv-06062-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Plaintiff's claims be dismissed. (Dkt. No. 9). Plaintiff objected. (Dkt. No. 11). For the reasons set forth below, the Court adopts the R&R as the Order of the Court, dismissing Plaintiff's complaint. (Dkt. No. 1).

**I.     Background**

Plaintiff Mark Lott, a civilly committed individual in the Sexually Violent Predator Treatment Program, proceeding *pro se* and *in forma pauperis*, brings this § 1983 action alleging that Defendant violated his constitutional rights. (Dkt. No. 1). Specifically, Plaintiff claims that in November 2022, November 2023, and June 2024, Defendant improperly denied Plaintiff access to the law library. (Dkt. No. 1 at 4). Plaintiff alleges that because he was denied access to the law library, he was not able to file a case before the statute of limitations ran out, which caused him emotional distress. (*Id*. at 6). For relief, the plaintiff seeks an injunction requiring that he be provided law library access and money damages. (*Id*.) Plaintiff's objection to the R&R argues that he is entitled to access the law library and that failure to provide access was a constitutional violation. (Dkt. No. 11).

1

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R&R, the Court "makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where the plaintiff has not objected to the R&R, the Court reviews the R&R only to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection ... we do not believe that it requires any explanation.").

## III.    Discussion

The Court has reviewed the R&R, applicable caselaw, and the record evidence in this matter. The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the Plaintiff's action be dismissed. (Dkt. No. 9).

Plaintiff resided in the secured management unit, which can limit his access to parts of the facility like the law library. Further, Plaintiff's attachments to his complaint show that multiple times, Plaintiff was approved or scheduled for access to the law library. (Dkt. No. 1-1 at 1-3). The Court agrees with the Magistrate Judge that Plaintiff has no constitutional right to access the law library, that Plaintiff has not shown that the professional decisions of Defendant departed from accepted professional judgment, and that Plaintiff failed to show an actual injury resulting from Defendant's conduct. After balancing Plaintiff's liberty interests against the relevant state interests

and giving deference to the professional decisions of Defendant, the Court agrees with the Magistrate Judge that Plaintiff's rights have not been violated.

### IV.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** Plaintiff's complaint with prejudice, without leave to amend, and without issuance and service of process. (Dkt. No. 1).

**AND IT IS SO ORDERED.**

_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

December 18, 2024
Charleston, South Carolina